UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No.: 23-cv-1084
DARIO SANTANA,

                Plaintiff,                    **COMPLAINT**

      -against-                  Jury Trial Demanded

TSJL REALTY CORP., HSC MANAGEMENT
CORP., DIONYS FLORES and JOSH KOPPEL,

                Defendant.
-------------------------------------------------------------------X

      Plaintiff Dario Alexander Rodriguez Santana ("Dario"), by his attorneys, Smith, Buss & Jacobs LLP, for his Complaint against Defendants TSJL Realty Corp. (the "TSJL"), HSC Management Corp. ("HSC"), Dionys Flores ("Flores") and Josh Koppel ("Koppel"; collectively "Defendants"), alleges as follows:

## SUMMARY OF THE ACTION

      1.     For a period of approximately 8 years, Dario worked as the superintendent of the apartment building located at 724-728 E 187th Street, Bronx, New York (the "Building"). During this period, TSJL, the owner of the Building, HSC, the managing agent of the Building, Flores, the property manager employed by HSC who managed the Building on a day-to-day basis, and Koppel, the principal of TSJL and HSC, all of whom employed Dario, had a practice of failing to pay Dario the overtime wages he earned in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") and New York Labor Law ("NYLL"). In addition, Defendants failed to provide Dario with lawful wage statements, failed to provide Dario with a hire notice, and failed to pay Dario weekly in violation of NYLL. As such, Defendants are liable to Plaintiff in an amount not less than $150,000 plus liquidated damages, attorneys' fees, pre-judgment and

post-judgment interest, and disbursements and costs, all of which Dario is entitled to under the FLSA and NYLL.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## THE PARTIES AND THE PERTINENT FACTS

4. Dario is an individual who resides in Bronx County, New York, who was Defendants' non-exempt employee from approximately March 2013 through May 1, 2022.

5. Upon information and belief, TSJL is a corporation organized under the laws of the State of New York, with offices located at 102 Gramatan Avenue, Mt. Vernon, New York, who was Dario's employer within the meaning of the FLSA and NYLL.

6. Upon information and belief, HSC is a corporation organized under the laws of the State of New York, with offices located at 102 Gramatan Avenue, Mt. Vernon, New York, who was TSJL's managing agent during the term of Dario's employment and Dario's joint employer within the meaning of the FLSA and NYLL.

7. HSC had the power to hire, discipline and fire Building workers and did so; had input as to the compensation Building workers were paid including Dario; supervised Building workers including Dario by directing their work activities, setting work schedules including overtime hours; and maintained the worker/employee records including their personnel files and payroll records.

8. TSJL and HSC employed employees at their places of business in the activities of an enterprise engaged in commerce, including employees handling, selling or otherwise working on goods or materials that have been moved or produced for commerce. Their enterprises have an annual gross volume of sales made or business done in an amount not less than $500,000.

9. Upon information and belief, at all relevant times, defendant Josh Koppel is an individual residing in Bronx County, New York, who is the principal of TSJL and HSC and Dario's joint employer within the meaning of the FLSA and NYLL.

10. Among other things, Josh Koppel had the power to hire, discipline and fire Building workers and terminated Dario's employment on at least one occasion; determine the compensation Building workers were paid including Dario; and supervised Building workers including Dario by directing their work activities, setting work schedules including overtime hours; and maintained worker/employee records.

11. Flores is an individual employed by HSC who upon information and belief, resides in and worked in Bronx County, New York, who was Dario's joint employer within the meaning of the FLSA and NYLL.

12. During the term of Dario's employment by Defendants, Flores was the Building's property manager and Dario's supervisor, who directed Dario's work activities on a day-to-day basis.

13. Among other things, Flores had the power to hire, discipline and fire Building workers and had input as to the compensation Building workers were paid including Dario; supervised Building workers including Dario by directing their work activities, setting work schedules including overtime hours; and maintained the worker/employee records including their personnel files and payroll records.

## FIRST CLAIM FOR RELIEF
## FLSA – UNPAID OVERTIME

14. Dario repeats and realleges each and every allegation of the proceeding paragraphs hereof with the same force and effect as though fully set forth herein.

15. During the period of approximately March 2013 through May 1, 2022, Dario worked approximately 12 hours per day from Monday to Friday.

16. Dario would start work at 7 a.m. organizing the collection of the garbage until 9am.

17. After 9 a.m., Dario would then work from 9 a.m. to 5 p.m. on repairs and renovations of the apartments

18. After 5 p.m., Dario would then work until 7 p.m. collecting the garbage and having it placed out front for sanitation pick up.

19. On weekends Dario worked four hours per day, two hours in the morning for the garbage pick up, and two hours in the evening for the collection of garbage.

20. Thus, in total Dario worked approximately 28 overtime hours per week.

21. Defendants failed to pay Dario any overtime wages for the overtime hours he worked.

22. Defendants' failure to pay Dario the overtime compensation he was entitled to caused him to suffer loss of wages and interest thereon.

23. Defendants willfully and in bad faith, violated Dario's rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours each week in violation of the FLSA and regulations promulgated thereunder.

24. Dario is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs and disbursements of this action pursuant to the FLSA.

## SECOND CLAIM FOR RELIEF
## NYLL – UNPAID OVERTIME

25. Dario repeats and realleges each and every allegation of the proceeding paragraphs hereof with the same force and effect as though fully set forth herein.

26. As set forth above, during the term of Dario's employment by Defendants, Dario worked an average of not less than 28 overtime hours per week including extensive work in the evenings and on weekends.

27. Defendants failed to pay Dario any overtime wages for the overtime hours he worked

28. Defendants' failure to pay Dario the overtime compensation he was entitled to caused him to suffer loss of wages and interest thereon.

29. Defendants willfully and in bad faith, violated Dario's rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours each week in violation of NYLL and regulations promulgated thereunder.

30. Dario is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs and disbursements of this action pursuant to NYLL.

## THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW – HIRING NOTICE

31. Dario repeats and realleges each and every allegation of the proceeding paragraphs hereof with the same force and effect as though fully set forth herein.

32. NYLL and related regulations require that at the time of hiring employers shall notify employees in writing, in their primary language of, among other things, their regular hourly rate of pay, overtime rate of pay, the regular pay day designated by the employer and the name of the employer.

33. During Dario's term of employment by Defendants, they failed to provide such notification to Dario and their failure to do so was willful and in bad faith.

34. Dario is entitled to recover from Defendants $50 for each day this violation continued, up to a maximum of $5,000.

## FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW – PAYSTUB NON-COMPLIANCE

35. Dario repeats and realleges each and every allegation of the proceeding paragraphs hereof with the same force and effect as though fully set forth herein.

36. NYLL requires employers to furnish each employee a statement with every payment of wages that includes, among other things, the dates of work covered by the payment, hourly rate(s) of pay, overtime rate(s) of pay, number of regular hours worked, the number of overtime hours worked and the employer's address and phone number.

37. During Dario's term of employment by Defendants, Defendants failed to provide such statements to Dario and their failure to do so was willful and in bad faith.

38. Dario is entitled to recover $250 for each day this violation continued, up to a maximum of $5,000.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW – PAY FREQUENCY

39. Dario repeats and realleges each and every allegation of the proceeding paragraphs hereof with the same force and effect as though fully set forth herein.

40. NYLL requires employers to pay "manual workers" weekly and "not later than seven calendar days after the end of the week in which the wages were earned."

41. Dario spent far more than 25% of his working time performing physical labor. He was a "manual worker" within the meaning of NYLL § 190(4).

42. Defendants failed to pay Dario wages he earned on a weekly basis.

43. By withholding the wages due and owing to Dario that should have been paid on a weekly basis but were not, Defendants deprived Dario of the use of those funds to meet his everyday expenses and provide for his basic needs including, but not limited to, food and groceries, medical supplies and services, insurance, automobile payments, fuel for vehicles, public transportation, and other basic living expenses. Dario's earned wages were not available to him to invest and grow, save or accumulate interest.

44. Dario is entitled to recover wages including liquidated damages from Defendants due to their failure to pay Dario on a weekly basis in violation of NYLL.

45. Defendants' failure to pay Dario weekly was willful and in bad faith.

WHERETOFORE, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and against Defendants providing the following relief:

(a) Issuance of a declaratory judgment that the practices complained of in this complaint were unlawful;

(b) An order requiring the payment of all monies owed by Defendants to Plaintiff under the FLSA and NYLL including all unpaid wages, overtime pay in an amount not

less than $150,000 plus daily penalties set forth herein, liquidated damages, attorneys' fees, pre-judgment interest, post judgment interest, and the costs and disbursements of this action; and

   (c) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: Yonkers, New York
   February 8, 2023

        SMITH, BUSS & JACOBS, LLP
        *Attorneys for Plaintiff*

     By: /s/ *John J. Malley*
        John J. Malley, Esq.
        733 Yonkers Avenue, Suite 200
        Yonkers, New York 10704
        Tel: (914) 476-0600