UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DARIO SANTANA,

                                      Plaintiff,

                                      Case No. 1:23-cv-1084-PGG-RWL

       -against-

TSIL REALTY CORP., *et al.*,

                                      Defendants.
-------------------------------------------------------------X

**MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT, RELEASE AND APPLICATION BY
<u>PLAINTIFFS ATTORNEY FOR APPROVAL OF LEGAL FEES.</u>**

In this action Plaintiff alleges that defendant failed to pay Plaintiff's wages according to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in that Defendants failed to pay Plaintiff overtime pay and spread-of- hours pay to which he was entitled to. The parties respectfully submit this joint letter requesting your approval of the Settlement Agreement and Release ("Agreement"), a copy of which is attached hereto as Exhibit 1.

<u>The Background Facts And Allegations</u>

Plaintiff was employed by Defendant TSJL Realty Corp., for 8 years. During this period he was the superintendent of the apartment building located at 724-728 E 187th Street, Bronx, New York (the "Building"). During the 8-year period he alleges that he was underpaid and did not receive wage notices incurring damages of $150,000. The aforesaid claim has been settled for the sum of $36,000 the material terms of which are as follow:

A. One payment of $36,000 upon Court approval of the Settlement Agreement (Exhibit 1) to the material terms which are as follows:

B. Plaintiff to vacate the premises at 724-728 E 187th Street, Bronx, New York (the "Building") by August 30, 2023.

C. Mutual release by the parties.

The Settlement Should Be Approved

A FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "Courts recognize a strong presumption in favor of finding a settlement fair, as they are not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Martinez v. Hilton Hotels Corp.*, No. 10 Civ. 7688(JLC), at *1 (S.D.N.Y. Aug. 20, 2013) (internal quotation marks omitted), *quoting Lliguichuzhca v. Cinema 60, LLC,* No. 11 Civ. 4486(GWG), 2013 WL 2436526, at * 2 (S.D.N.Y. June 5, 2013), *quoting Crabtree v. Volkert, Inc.,* No. 11-0529-WS-B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including the following factors: (1) the plaintiff's range of possible recovery (in this case a sum certain of $36,000); (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses (3) the seriousness of the litigation risks faced by the parties;( With respect to the second and third factors, Plaintiff notified the undersigned of situational circumstances that made it clear that the settlement would enable him to avoid anticipated burdens and expenses, as well as the risk of a lengthy lawsuit.)

 (4) whether the settlement agreement is the product of arm's-length bargaining; and (5) the possibility of fraud or collusion. (Finally, the agreement was negotiated by arm's length bargaining

and was not the result of any fraud or collusion by any of the parties. Thus, for all these reasons, the $36,000 settlement amount is fair and reasonably within the range of a potential recovery.

Plaintiff's Attorneys' Fees Are Fair And Reasonable

Plaintiff retained the undersigned on a 33.3% contingency basis. However, after discussions with the Plaintiff I reduced my fee to 16 %. This application reflects a fair and reasonable fee. Indeed fee awards in wage and hour cases provide incentives to private attorneys to prosecute the claims of those victims of such unfair practices whose wage claims might otherwise be too small to justify a lawsuit. *Sand v. Greenberg,* 2010 U.S. Dist. LEXIS 1120 * 9 (S.D.N.Y. Jan. 7, 2010). If such fee awards were not granted, wage and hour abuses "would go without a remedy because attorneys would be unwilling to take on the risk." *McMahon v. Olivier Cheng Catering & Events, LLC,* 2010 U.S. Dist. LEXIS 18913 *19-20 (S.D.N.Y. Mar. 2, 2010). Courts have found that applying the percentage-of-recovery method is sound policy as it "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *In re WorldCom, Inc. ERISA Litig.*, No. 02 Civ. 4816, 2005 U.S. Dist. LEXIS 28686, at *23-24 (S.D.N.Y. Nov. 21, 2005) (*citing Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 121 (2d Cir. 2005). Further, the percentage method discourages plaintiffs' attorneys from running up their billable hours, one of the most significant downsides of the lodestar method. *Karpus v. Borelli,* 2004 WL 2397190, at *11 (S.D.N.Y. Oct. 26, 2004). It also "relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions." *Id.* (internal citations omitted).

Here, the 16% fee will be $6,000 as noted above and during the course of this litigation my firm has recorded $6,755.00 of time. (See Exhibit 2*,* attached time records.) Plaintiff respectfully

requests that this Court find that this fee, as well as the parties' overall proposed settlement, is fair and reasonable and that this motion be granted.

 

_____
George A Ortiz
Attorney for Plaintiff
733 Yonkers Avenue
Suite 200
Yonkers NY, 10704
(929)-389-8504
gortiz@gaolawgroup.com

Dated:  Yonkers, NY
        August 27, 2023

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DARIO SANTANA, <br><br> *Plaintiff,* <br><br> -against- <br><br> TSJL REALTY CORP., HSC MANAGEMENT CORP., DIONYS FLORES and JOSH KOPPEL, <br><br> *Defendants.* | Docket No.: 1:23-cv-1084 PGG-RWL <br><br> **SETTLEMENT AGREEMENT** <br> **AND** <br> **<u>RELEASE</u>** |

  This Settlement Agreement and Release of Claims ("Agreement") is entered into by Plaintiff DARIO SANTANA ("Plaintiff") on the one hand, TSJL REALTY CORP., HSC MANAGEMENT CORP., DIONYS FLORES and JOSH KOPPEL, (collectively, "Defendants"), on the other hand.

  WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

  WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 1:23-cv-1084 PGG RWL(hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

  WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

  WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

  NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

  1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of all claims Plaintiff had against Defendants in the Litigation through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Thirty-Six Thousand Dollars and No Cents (**$36,000.00**) (the "Settlement Amount") to be paid to Plaintiff's attorneys in one ("1") installment, as follows:

| DARIO SANTANA | $30,000.00 |
|---|---|

1

| | |
|---|---|
| GEORGE A ORTIZ ESQ. | $6,000.00 (Includes Costs and Fees.) |

      2.      Within twenty days (20) of this Agreement being approved by the Court, Defendants shall deliver the gross amount of $36,000.00 to Plaintiff's counsel.  Defendants are to promptly wire the full settlement amount to George A Ortiz George A Ortiz Esq., 101 Grandview Blvd., Yonkers, Ny, 10710 according to the wiring instructions provided separately.

      3.      Upon payment of settlement agreement Plaintiff will vacate premises at 728 East 187th Street, Bronx NY, 10458 within **10 (TEN)** days receipt of the payment due to George A Ortiz.

      4.      Tax Treatment. There shall be no withholding for tax purposes from the Settlement Amount paid under Section 2 to Plaintiff and his counsel. The taxability of the settlement payments shall not affect the validity of this Agreement. No representations have been made to Plaintiff by the Individual Defendant or his attorneys regarding the taxability of the settlement payments referred to in Section 2. Plaintiff understands that he will be responsible for paying any and all taxes related to the payments received under this Agreement. Similarly, no representations have been made to George A Ortiz by the Individual Defendant or his attorneys regarding the taxability of the settlement payments referred to in Section 2. George A Ortiz understands that it will be responsible for paying its taxes related to the payments under Section 2. Plaintiff agrees to defend, indemnify, and hold harmless the Individual Defendant against any and all tax liabilities incurred by the Individual Defendant related to the Settlement Amount.

      5.      In the event the Defendant does not make PAYMENTS REQUIRED by this agreement when due then Plaintiff may enter judgment for the amount demanded in the complaint based upon declarations about testimony.

      6.      <u>Release and Covenant Not To Sue</u>:   Plaintiff hereby expressly waives, releases, and forever discharges any and all claims that he had against the Defendants, or any of Defendants' respective owners, officers, directors, agents, attorneys, employees or representatives, or their successors in interest, arising out of or in connection with this Litigation and the federal and New York state wage and hour claims made therein.

      7.      <u>No Admission of Wrongdoing</u>:   This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

      8.      <u>Modification of the Agreement</u>:   This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

      9.      <u>Acknowledgments:</u>   Plaintiff acknowledges that: he has been fully and fairly represented by counsel in this matter.  Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.  Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further

acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.   This Agreement has been jointly prepared.

    10.    Notices:    Notices required under this Agreement shall be in writing, by email, and shall be deemed given upon electronic transmission thereof.  Notice hereunder shall be delivered, by email, to:

    To Plaintiff's Attorney :

    **GEORGE A ORTIZ ESQ**.
    101 GRANDVIEW BLVD.
    YONKERS , NY,  10710
    Tel: (929) 389-8504
    Email: gortiz@gaolawgroup.com

    To Defendants:

    **JOSH KOPPEL**
    102 GRAMATAN AVE,
    MT. VERNON, NY, 10550
    Phone: (914) 237-1600

    11.    Governing Law:    This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

    12.    Enforceability:     If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement.

    13.    Release Notification:    Plaintiff discussed the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with George A Ortiz, Plaintiff acknowledges that it is his choice to waive any claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.  Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

**Counterparts**:    To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of

such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile or electronic transmission.

**PLAINTIFF**

By: _____          Dated: _____
             DARIO SANTANA

**DEFENDANTS**

By: _____          Dated: _____
       TSJL REALTY CORP., and HSC
          MANAGEMENT CORP.,

By: _____          Dated: _____
                JOSH KOPPEL

By: _____          Dated: _____
              DIONYS FLORES

# Exhibit 2

LAW OFFICES OF
GEORGE A ORTIZ
733 Yonkers Ave.
Suite 200
Yonkers NY, 10704

Dario Santana

Invoice:

August 27, 2023

Professional Services

| Date | Description | Hours |
|---|---|---|
| 12/15/2022 | Initial Interview | 3.1 |
| 12/18/2022 | Review Court Rules | .3 |
| 12/18/2022 | Review Client Docs | .4 |
| 12/20/2022 | Review Applicable Statutes and Case Law | 2.4 |
| 12/17/2022 | TC – Client | .1 |
| 1/11/2023 | TC - Client | .3 |
| 1/17/2023 | TC with Client's L&T Attorney | .3 |
| 1/20/2023 | TC -Client | .2 |
| 2/08/2023 | TC with Client's L&T Attorney | .3 |
| 2/08/2023 | Prepare Summons and Complaint | 2.9 |
| 5/01/2023 | TC - Client | .2 |
| 5/02/2023 | LTR Letter to process server | .2 |
| 5/03/2023 | TC Process Server | .1 |
| 5/30/2023 | TC With Defendant | .7 |
| 7/18/2023 | TC with Client | 1.0. |
| 7/19/2023 | Review Cheeks holding | 1.4 |
| 7/20/2023 | TC - Defendant | .8 |
| 7/27/2023 | TC - Client | .1 |
| 7/31/2023 | TC - Client | .1 |
| 8/4/2023 | TC - Client | .2 |
| 8/26/23 | Prepare Settlement Docs | 2.2 |

Total:                                        $6,755.00

Fee to Process Server                $200.00

GT:                                           $6,955.00