UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DARIO SANTANA,

                                      Plaintiff,

                                                                             Case No. 1:23-cv-1084-PGG-RWL

-against-

TSJL REALTY CORP., *et al.*,

                                      Defendants.
-------------------------------------------------------------X

## MOTION FOR APPROVAL OF
## SETTLEMENT AGREEMENT, RELEASE AND APPLICATION BY
## PLAINTIFFS ATTORNEY FOR APPROVAL OF LEGAL FEES.

In this action Plaintiff alleges that defendant failed to pay Plaintiff's wages according to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") in that Defendants failed to pay Plaintiff overtime pay and spread-of- hours pay to which he was entitled to. The parties respectfully submit this joint letter requesting your approval of the Settlement Agreement and Release ("Agreement"), a copy of which is attached hereto as Exhibit 1.

### The Background Facts And Allegations

Plaintiff was employed by Defendant TSJL Realty Corp., for 8 years. During this period he was the superintendent of the apartment building located at 724-728 E 187th Street, Bronx, New York (the "Building"). During the 8-year period he alleges that he was underpaid and did not receive wage notices incurring damages of $150,000. The aforesaid claim has been settled for the sum of $36,000 the material terms of which are as follow:

A. One payment of $36,000 upon Court approval of the Settlement Agreement (Exhibit 1) to the material terms which are as follows:

B. Plaintiff to vacate the premises at 724-728 E 187th Street, Bronx, New York (the "Building") upon the Defendant's payment of the settlement agreement.

C. Mutual release by the parties.

<u>The Settlement Should Be Approved</u>

A FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "Courts recognize a strong presumption in favor of finding a settlement fair, as they are not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Martinez v. Hilton Hotels Corp.*, No. 10 Civ. 7688(JLC), at *1 (S.D.N.Y. Aug. 20, 2013) (internal quotation marks omitted), quoting *Lliguichuzhca v. Cinema 60, LLC,* No. 11 Civ. 4486(GWG), 2013 WL 2436526, at * 2 (S.D.N.Y. June 5, 2013), quoting *Crabtree v. Volkert, Inc.,* No. 11-0529-WS-B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including the following factors: (1) the plaintiff's range of possible recovery (in this case a sum certain of $36,000); (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses (3) the seriousness of the litigation risks faced by the parties;( With respect to the second and third factors, Plaintiff notified the undersigned of situational circumstances that made it clear that the settlement would enable him to avoid anticipated burdens and expenses, as well as the risk of a lengthy lawsuit.)

 (4) whether the settlement agreement is the product of arm's-length bargaining; and (5) the possibility of fraud or collusion. (Finally, the agreement was negotiated by arm's length bargaining

and was not the result of any fraud or collusion by any of the parties. Thus, for all these reasons, the $36,000 settlement amount is fair and reasonably within the range of a potential recovery.

Plaintiff's Attorneys' Fees Are Fair And Reasonable

Plaintiff retained the undersigned on a 33.3% contingency basis. However, after discussions with the Plaintiff I reduced my fee to 16 %. This application reflects a fair and reasonable fee. Indeed fee awards in wage and hour cases provide incentives to private attorneys to prosecute the claims of those victims of such unfair practices whose wage claims might otherwise be too small to justify a lawsuit. *Sand v. Greenberg,* 2010 U.S. Dist. LEXIS 1120 * 9 (S.D.N.Y. Jan. 7, 2010). If such fee awards were not granted, wage and hour abuses "would go without a remedy because attorneys would be unwilling to take on the risk." *McMahon v. Olivier Cheng Catering & Events, LLC,* 2010 U.S. Dist. LEXIS 18913 *19-20 (S.D.N.Y. Mar. 2, 2010). Courts have found that applying the percentage-of-recovery method is sound policy as it "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *In re WorldCom, Inc. ERISA Litig.*, No. 02 Civ. 4816, 2005 U.S. Dist. LEXIS 28686, at *23-24 (S.D.N.Y. Nov. 21, 2005) (*citing Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 121 (2d Cir. 2005). Further, the percentage method discourages plaintiffs' attorneys from running up their billable hours, one of the most significant downsides of the lodestar method. *Karpus v. Borelli,* 2004 WL 2397190, at *11 (S.D.N.Y. Oct. 26, 2004). It also "relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions." *Id.* (internal citations omitted). Here, the 16% fee will be $6,000 as noted above and during the course of this litigation my firm has recorded $6,487.50. of time. (See Exhibit 2, attached time records.)

Plaintiff respectfully requests that this Court find that this fee, as well as the parties' overall proposed settlement, is fair and reasonable and that this motion be granted.

_____
George A Ortiz
Attorney for Plaintiff
733 Yonkers Avenue
Suite 200
Yonkers NY, 10704
(929)-389-8504
gortiz@gaolawgroup.com

Dated:  Yonkers, NY
        August 27, 2023